*E-FILED - 4/25/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>EARL A. JOSEPH,<br><br>　　　　Defendant/Movant. | NO. C-08-04607-RMW<br>Related Criminal Case: CR-00-20217<br><br>ORDER REQUESTING RESPONSE TO MOTION TO DISMISS |

Movant Earl Joseph filed a motion on October 2, 2008 pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. The government responded with a motion to dismiss the § 2255 motion as untimely. Joseph has not filed an opposition to the dismissal motion.[1] The court has reviewed the government's position and concurs that Joseph's § 2255 motion is untimely, unless it can be saved by equitablle tolling. The court hereby gives Joseph the opportunity to respond to the timeliness issue and gives him until June 4, 2011 to do so. Respondent may have until June 18, 2011 to reply. The court will

---

[1] Joseph has contacted the court on more than one occasion inquiring about the status of his § 2255 motion.

ORDER REQUESTING RESPONSE
No. C-08-04607-RMW

1

then either request the government to respond to the merits of the § 2255 motion or dismiss it as untimely.

## I. Procedural Background

Defendant was sentenced for bank robbery offenses on October 3, 2005. His conviction was affirmed by the court of appeals on December 4, 2006 and his petition for rehearing was denied on June 22, 2007. Joseph did not petition for certiorari to the Supreme Court, so his conviction was final ninety days later on September 20, 2007.

On September 8, 2008 Joseph signed a request for a 120 day extension of time in which to file a motion pursuant to 28 U.S.C. § 2255. The request was actually filed with the court on September 16, 2008. Joseph's extension request stated without further explanation: "I discovered new evidence that I have to investigate, and also the prison was on lock down, and I had no access to law library." The court did not act on the request. Joseph thereafter filed his motion to vacate which was received by the court on October 2, 2008, although it bears Joseph's signature with the date of September 22, 2008. Joseph is deemed to have filed the motion on the date he delivered it to prison authorities for mailing. *Lott v. Mueller*, 304 F3d 918 (9th Cir. 2002). However, even if Joseph is given the benefit of the assumption that he delivered his § 2255 motion to prison authorities on the date he signed it, it is still untimely. The one year statute of limitation ran on September 20, 2008. *See* 28 U.S.C. § 2255 (f).

## II. Required Showing

In his request for an extension of time, Joseph gave little factual information explaining why he could not file on time. Joseph must show that he had been diligently pursuing his rights and that extraordinary circumstances beyond his control made it impossible for him to file on time. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010); *Lott*, 304 F.3d at 922 (9th Cir. 2002). In other words, the court will dismiss Joseph's motion as untimely unless Joseph can show in his opposition, supported by affidavit or declaration, extraordinary circumstances that precluded his filing on time. Specifically, Joseph must address how he diligently pursued the preparation of his § 2255

motion, what new evidence he discovered that required further investigation, when he discovered the new evidence, and when the prison was locked down and how that precluded him from filing on time.

DATED: 4/25/11

*Ronald M Whyte*
———————————————
RONALD M. WHYTE
United States District Judge

ORDER REQUIRING RESPONSE
No.  C-08-04607-RMW

3

1
2  Copy of Order Mailed on 4/25/11 to:
3  Earl Joseph
   #10583-097 FCI
4  Federal Correction Institution
   P.O. Box 5700
5  Adelanto, CA 92301

6
   Jeff Nedrow
7  Deputy Branch Chief
   U.S. Attorney's Office
8  150 Almaden Blvd., Suite 900
   San Jose, CA 95113-2009
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER REQUIRING RESPONSE
No.  C-08-04607-RMW

4